**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 17-CV-23626-PCH

STARR INDEMNITY &
LIABILITY COMPANY,

 Petitioner,
v.

MIAMI CHOCOLATES, LLC,
CHARLES MCDONALD,
JUDY MCDONALD and
PETERBROOKE FRANCHISING OF
AMERICA, LLC.,

 Respondents.
_____/

**RESPONDENTS, MIAMI CHOCOLATES, LLC, CHARLES MCDONALD, AND JUDY MCDONALD'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Respondents, MIAMI CHOCOLATES, LLC, CHARLES MCDONALD and JUDY MCDONALD (collectively the "Respondents" or the "Franchisee/Insureds"), by and through undersigned counsel, hereby file this Response in Opposition to Petitioner, STARR INDEMNITY & LIABILITY COMPANY'S ("STARR" or the "Insurer") Motion for Summary Judgement [ECF No. 44] and in support thereof, state as follows:

**STANDARD OF REVIEW**

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment is only appropriate when "the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).

Summary judgment can only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact and that the moving party

is entitled to judgment as a matter of law. *Cowan v. J.C. Penny Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986); *see also Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) (*quoting WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir. 1988) ("[S]ummary judgment may only be decided upon an adequate record.").

When considering a motion for summary judgment, a court "must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "All reasonable doubts about the facts should be resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### STANDARD OF REVIEW FOR RULE 56 (D)

Pursuant to Rule 56, Summary Judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cowan v. J.C. Penny Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986); *see also Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) (*quoting WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) ("[S]ummary judgment may only be decided upon an adequate record.").

If, and only if, a moving party is able to make a *prima facie* case for the absence of any genuine issues of material fact, the burden then shifts to the nonmoving party to show that legal or factual issues render summary judgment improper. Additionally, the nonmoving party may avail upon the safeguards afforded under Rule 56(d) (calling for a deferral or denial of a summary judgment motion when facts/evidence are unavailable to the nonmovant); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986); *Cowan*, 790 F.2d at 1532. Federal Rule of Civil Procedure 56(d) states:

> When Facts are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"Rule 56(d) is liberally construed to allow district courts to ensure the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." *See* Moore's Federal Practice, §56.10[8][a]; see also *Wallace v. Brownell Pontianc-GMC Co., Inc.*, 703 F.2d 525, 528 (11th Cir. 1983).

The policy behind Rule 56(d) is straightforward -- "[s]ummary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). "The protection afforded by Rule 56(d) is an alternative to a response in opposition to summary judgment…and is designed to safeguard against a premature or improvident grant of summary judgment." *See* 10A Wright, Miller, & Kane, Federal Practices and Procedure §2740 (1983)).[1]

Discovery is strongly favored, and denying one's right to discovery on all pertinent issues before a summary judgment is considered or granted would be error, particularly in the face of a Rule 56(d) declaration. *See WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir. 1988) (noting well-settled rule that "summary judgment may only be decided upon an

---

1. Indeed, the Eleventh Circuit has directed that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Georgia Bank, 859 F.2d 865, 870 (11th Cir. 1988) (overruling district court's grant of summary judgment in favor of defendant); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (directing that "summary judgment may only be decided upon an adequate record").

adequate record"); *see also Ruiz v. 119th Street Exxon, Inc.*, No. 09-21237-CV, 2009 WL 2970420, at *1 (S.D. Fla. Sept. 16, 2009) (deferring summary judgment due to Rule 56(d) where only affidavits had been filed and no depositions had taken place).[2]

## ARGUMENT AND ANALYSIS

### SUMMARY JUDGEMENT IS PREMATURE

STARR's Motion for Summary Judgment appears to be premised, in part, upon an ambiguous reading of the phrase "personal or advertising injury" contained within the insurance policy. In particular, STARR argues that the coverage for "personal or advertising injury," and the carve-outs to certain purported exclusion concerning coverage for "advertisements" in the context of breach of contract, are somehow not at issue in the Underlying Litigation.

As addressed in PFA's Response in Opposition to STARR's Motion for Summary Judgement:

> Petitioner's argues that notwithstanding the above, the Policy contains a breach of contract exclusion provision for "personal and advertising injury…[a]rising out of a breach of contract, except an implied contract to use another's advertising in your idea." [DE 42 at p. 14]. Consequently, Petitioner argues that it has no duty to defend or indemnify Insureds because PFA's claims arise from a breach of contract. This argument fails for two significant reasons.
>
> First, the breach of contract exclusion itself contains a carve-out for advertisements. Advertisements are broadly defined under the Policy. Its ordinary meaning and the Policy Definition extends to includes a terminated franchisee's continued use of signage, marketing, packaging, branding, and otherwise displaying the image and trademarks of its former franchisor post-termination. Thus, PFA's injury as described

---

2. *See In re Fontainebleau Las Vegas Holdings, LLC,* 417 B.R. 651, 661 (S.D. Fla. Aug. 26, 2009) (granting defendant's cross-motion to deny or continue plaintiffs motion for partial summary judgment in order to permit discovery where court found terms of credit agreement to be ambiguous); *see also Leannah v. Alliant Energy Corp.,* No. 07-CV-169, 2008 WL 2169658, *3 (E.D. Wis. May 22, 2008) (granting plaintiffs' request to take discovery prior to responding to motion for summary judgment and stating that "although the court may ultimately conclude that the parties' contract is unambiguous as a matter of law, it is also possible that the plaintiffs may be able to show with evidence obtained in discovery that genuine issues of material fact exist to defeat [defendant's] motion for summary judgment.").

> above falls within the definition and is squarely within the exclusion's carve-out. Any argument made by Petitioner to the contrary renders the provision ambiguous and ambiguous provisions must be construed in favor of the Insureds. *Deni Assoc. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1140 (Fla. 1998) ("[E]xclusionary provisions which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured, since it is the insurer who usually drafts the policy."); *Princeton Express*, 209 F. Supp. 3d at 1258 ("the policy is ambiguous and must be construed in favor of coverage.").
>
> Second, the policy provides coverage for "Contractual Liability" claims where liability exists in the absence of the contract, as was claimed in the unfair competition claim (Count IV) of the Underlying Complaint. [DE 1-2 at § II.B.1.b.(1), p. 33]. Put another way, PFA's claim for unfair competition would still be actionable against the Insureds in the absence of the Franchise Agreement. Therefore, PFA's unfair competition claim still falls within the coverage of the Policy and Petitioner is liable to defend and indemnify the Insureds. Based on the express language contained within the Policy, coupled with the fact that any ambiguity must be resolved in favor of the Insureds, Petitioner's Motion for Summary Judgment must be denied.

*See* [ECF No. 45].  The insureds certainly do not agree that they are liable for such "advertising" related claims, but PFA is clearly correct in asserting that a duty to defend and indemnify exists with respect to any claims arising out of or relating to such "advertising" related claims.

If, as argued above, STARR attempts to argue against the "ordinary meaning and the Policy Definition" for "advertisements" is somehow not at issue in the Underlying Litigation, such an argument would render "the provision ambiguous and ambiguous provisions must be construed in favor of the Insureds."  If such an argument is maintained by STARR, the insureds must be permitted to conduct discovery concerning the drafting and interpretation of the "advertisements" provisions within the Insurance Policy. Specifically, the undersigned hereby certifies and affirms that at least one deposition of STARR's corporate representative would be required before Summary Judgment could reasonably be entertained by this Court.

As a result, unless STARR's arguments concerning the meaning of the "advertisements" provisions are withdrawn, Summary Judgment should be deferred pursuant to Rule 56(D).

### STARR'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED WITH RESPECT TO THE DUTY TO DEFEND IN THE UNDERLYING LITIGATION

After covering the litigation defense of the Underlying Litigation for nearly two (2) years, STARR is now suddenly alleging that it has no duty to defend the insureds in the Underlying Litigation. STARR clearly has a duty to defend Franchisee/Insureds because the pleading in the Underlying Litigation [D.E. 1-1] alleges facts that fairly and potentially bring the suit within the coverage afforded under the Policy. Notably, STARR has not alleged that the allegations in the underlying complaint fall entirely within any of the Policy's exclusions. *See* generally [D.E. 1-1].

The duty to defend is determined solely from the allegations in the Underlying Litigation and is broader than the duty to indemnify. *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005). The duty to defend is so broad that even "[i]f the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is [still] obligated to defend the entire suit." *Triassic Properties*, 767 F. 2d at 811-12 (citations omitted). The actual facts are not considered in determining the insurer's duty to defend and the insurer must defend "even though it is ultimately determined that the alleged cause of action is groundless and no liability is found within the policy provisions defining coverage." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985). Florida courts resolve any doubt as to whether the underlying allegations fall within the coverage afforded by the policy in favor of the insured. *Jones*, 908 So. 2d at 443; *Baron Oil,* 470 So. 2d at 814 ("If the allegations of the complaint leave any doubt regarding the

duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend.") (citations omitted).

In Counts I, II, and III, STARR attempts to avoid defending its insured based on the three (3) exclusionary clauses contained within the Policy: (i) The "Arising Out of a Breach of Contract" Exclusion (Count I); (ii) The Knowing Violation Exclusion (Count II); and (iii) the Infringement Exclusion (Count III). "When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations in the [underlying] complaint are cast solely and entirely within the policy exclusions and are subject to no other reasonable interpretation." *IDC Const., LLC. v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1348 (S.D. Fla. 2004).  Accordingly, for STARR to avoid its duty to defend based on an exclusion, it must establish that all allegations in the Underlying Complaint [D.E. 1-1] fall ***entirely*** within a particular exclusions.  *See Lime Tree Village Community Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F. 2d 1402, 1405-07 (11th Cir. 1993); *Castillo v. State Farm Fla. Ins. Co.*, 971 So. 2d 820, 824 (Fla. 3d DCA 2007).

The exclusions raised by STARR in its Complaint for Declaratory Relief do not permit STARR to escape its liability to defend against the claims brought in the Underlying Litigation against the Franchisee/Insureds for the following reasons.

### I.   THE UNDERLYING TRADEMARK AND UNFAIR COMPETITION CLAIMS ARE COVERED BY THE INSURANCE POLICY

The allegations as to unauthorized use of the Peterbrooke trademarks and allegations concerning unfair competition relate to claims brought by the Franchisor against the Franchisee/Insureds (Counts I, II, III, and IV), which are independent from the Franchisor's breach of contract claim (Count V) - thus, the "arising out of a breach of contract" exclusion does not encompass all of the claims brought in the Underlying

Litigation. As a result, such claims constitute covered "advertising injur[ies]" under the Insurance Policy.

As set forth in PFA's Response in Opposition to the Motion for Summary Judgment, and hereby adopted soley for the purposes of opposing STARR's Motion for Summary Judgment:

> Petitioner argues that there are no claims for "personal or advertising injury" asserted in the Underlying Complaint that triggers a duty to defend or indemnify the Insureds. [DE 1-A]. Petitioner's argument fails not only because the Amended Complaint alleges the covered claim but because PFA prevailed on the covered claim for unfair competition against the Insureds. In finding in favor of PFA, the Order describes the injury suffered by PFA as a result of the Insureds' conduct:
>
> In other words, "any activity that would create a likelihood of confusion or misunderstanding as to the source or sponsorship of a Defendants' businesses, goods, or services, or as to Defendants' affiliation, connection or association with PFA and its franchisees or any of their goods and services" (ECF No. 164 at 5-6) constitutes unfair competition. See *7-Eleven, Inc. v. Kapoor Bros., Inc.*, 977 F. Supp. 2d 1211, 1231 (M.D. Fla. 2013). Thus, to prevail, PFA must show (1) Defendants used a term, name, symbol, or device in commerce; (2) in connection with goods, services, or container for goods; (3) which is likely to cause confusion, or mistake, or to deceive the public; (4) as to the affiliation, connection or association of Defendants and PFA. *See, e.g., Dunkin' Donuts Inc. v. Donuts, Inc.*, 2000 WL 1808517, at *4 (N.D. Ill. 2000). Defendants' continued use of PFA's phone numbers, social media pages, and the Shop location after termination of the Franchise Agreement more than satisfies that standard.
>
> See Ex. A at p. 17 (emphasis added). This is demonstrably an "advertising injury" as the concept is defined by the Policy and Eleventh Circuit case law.

*See* [ECF No. 45]. Although the insureds maintain that they are not liable for such damages, it is clear that a defense against such allegations is covered within the "personal or advertising injury" provisions of the Insurance Policy. *See* Princeton *Express v. DM Ventures USA LLC*, 209 F. Supp. 3d 1252, 1254 (S.D. Fla. 2016) (finding allegations of defendants' use of photographs on websites, social media, flyers, posters, and other form of advertisements constituted an advertising injury); *see also Liberty Univ., Inc. v. Citizens*

*Ins. Co. of America*, 792 F.3d 520, 524 (4th Cir. 2015) (law school professors' use of social media forums soliciting donations constituted a "personal and advertising injury").

Because the Underlying Litigation clearly includes at least one covered claim, summary judgment cannot be granted. *Princeton Express*, 209 F. Supp. 3d 1252, 1260 (S.D. Fla. 2016) (denying the insurance company's partial motion for summary judgment after finding the claim for an advertising injury was covered by the policy).[3]

## II. THE REMAINING UNDERLYING CLAIMS ARE COVERED BY THE INSURANCE POLICY

The Policy provides coverage for "Contractual Liability" claims where liability exists in the absence of the contract, as is being claimed in Counts I-IV of the Underlying Litigation Complaint. *See* [D.E. 1-2] at § II.B.1.b.(1), p. 33;

The "arising out of a breach of contract" exclusion, the "infringement" exclusion, and the "knowing violation" exclusion only relate to claims for damages resulting in "personal or advertising injury" and the Policy also affords coverage for "suits" claiming "property damage" such as those being claimed by the Franchisor in the Underlying Litigation. *See* generally [D.E. 1-1]; *see also* [D.E. 1-2] at § II.F. at pp. 43-46.

The Policy provides coverage for "Contractual Liability" claims where the underlying contract is an "insured contract," which expressly includes "license agreements" such as the franchise agreement at issue in the Underlying Litigation. *See* [D.E. 1-2] at §. II.B.1.b.(2), p. 33; § II.F.9.c., p. 43-44. As a result, such claims are subject to a duty to defend.

The "arising out of a breach of contract" exclusion provides a carve-out for "advertisements," which is broadly defined under the Policy and its ordinary meaning includes a terminated franchisee's continued use of signage, marketing, packaging,

---

3. Moreover, the allegations brought against Franchisee/Insureds in the Underlying Action are devoid of any allegations as to an intentional trademark infringement necessary to trigger the "knowing violation" exclusion. In any event, any alleged "knowing violation" is a question of fact concerning the state of mind of the insureds and is thus not proper for

branding, and otherwise displaying the image and trademarks of its former franchisor post-termination. The Underlying Litigation also asserts claims, as addressed in the previous section, concerning unfair competition that is entirely dependent upon advertising activities by the insureds. As a result, Summary Judgment is therefore improper (or should be deferred pending completion of discovery).

### III. THE UNDERLYING INJUNCTIVE RELIEF CLAIMS ARE COVERED BY THE INSURANCE POLICY

Count V of STARR's Complaint for Declaratory Relief seeks a declaration that it does not have a duty to defend the claims for injunctive relief brought against the Franchisee/Insureds in the Underlying Litigation. Summary judgment should be denied with respect to Count V because all of the claims for injunctive relief also seek damages that are covered under the Policy. In addition, the injunctive relief seeks to dispossess Franchisee/Insureds of business assets on grounds of alleged "unfair competition" that directly involve allegations concerning the insureds advertising activities that are covered under the Policy.

If the Underlying Complaint contains some allegations that potentially fall within the coverage afforded by the policy, an insurer must defend its insured because if, as the facts develop, that potential becomes a reality and the underlying plaintiff prevails against the insured, the insured will become liable for such damages. *Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299 (Fla. 1st DCA 1992); *Capoferri v. Allstate Ins. Co.*, 322 So. 2d 625 (Fla. 3d DCA 1975); *Steven Plitt, Daniel Maldonao, Joshua Rogers, Couch on Insurance* § 200:1-200:2 (3rd ed. 2015).

Therefore, summary judgment must be denied with respect to STARR's duty to defend. *See Baron Oil Co. v. Nationwide Mut. Fire Ins.*, 470 So. 2d 810, 814 (Fla. 1st DCA

---

adjudication on motion for summary judgement.

1985) ("Nationwide had a clear-cut duty to defend Baron upon the filing of the original complaint, irrespective of the true facts.").

### STARR'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED WITH RESPECT TO THE DUTY TO INDEMNIFY

At best, STARR's Complaint for Declaratory Relief alleges that it may not have a duty to indemnify the Franchisee/Insureds should the ultimate facts reveal that (a) the Franchisee/Insureds are found liable for intentionally infringing upon the Franchisor's trademarks; (b) the Franchisee/Insureds are found liable for a breach of the underlying franchise agreement; or (c) injunction relief is entered against the Franchisee/Insureds.

STARR's concern about indemnification as to liability is not yet ripe for summary judgment as there has not been a final judgement entered in the Underlying Litigation. *See Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338, 1344 (M.D. Fla. 2012) ("A reservation of rights, however, is insufficient to create a substantial likelihood that the Insureds will suffer injury; it merely creates the possibility that such an injury could occur. As noted previously, this sort of 'maybe' or 'perhaps' chance of injury is not sufficient to create a justiciable controversy."); *see also See Nat'l Gen. Ins. Online, Inc. v. Black*, No. 5:15-CV-111-OC-30PRL, 2015 WL 5009703, at *3 (M.D. Fla. Aug. 24, 2015)

Even if the question of the duty to indemnify were fully ripe, STARR's Motion For Summary Judgment as to the duty to indemnify should be denied for precisely the same reasons as set forth with respect to STARR's duty to defend. *See supra*. The insureds hereby incorporate all of the arguments concerning the duty to defend against STARR's arguments concerning the duty to indemnify. *Id.*

As a result, STARR's Motion for Summary Judgement should be denied and/or deferred.

Dated: March 22, 2018　　　　　　　　　　　　Respectfully submitted,
Miami, FL

**Hirzel Dreyfuss & Dempsey PLLC**
*Counsel for Insureds*
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone 305-6151617
hirzel@hddlawfirm.com
dempsey@hddlawfirm.com

<u>By   s/ Patrick Dempsey</u>
Leon Hirzel, Esq. (Fla. Bar #085966)
Patrick Dempsey, Esq. (Fla. Bar #27676)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been furnished via electronic notification from <u>eservice@myflcourtaccess.com</u> to counsel of record and all others registered to receive eservice in this litigation on this 22th day of March 2018.

<u>By   s/ Patrick Dempsey</u>
Patrick Dempsey, Esq. (Fla. Bar #27676)